

Donald E. Mielke, Dist. Atty., and Donna Skinner Reed, Chief Appellate Deputy Dist. Atty., Golden, for plaintiff-appellant.

David F. Vela, State Public Defender, Susan Baker and Kristin Giovanini, Deputy State Public Defenders, Denver, for defendant-appellee.

The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Kelly John SCHWARTZ, Defendant–Appellee.

No. 90CA1060.

Colorado Court of Appeals, Div. V.

Aug. 15, 1991.

Rehearing Denied Sept. 19, 1991.

Certiorari Denied Feb. 10, 1992.

Opinion by Judge NEY.

The People appeal the order of the trial court suspending the sentence mandatorily imposed upon defendant, Kelly John Schwartz, and sentencing him to probation. We affirm.

Defendant entered a plea of guilty to two counts of third degree assault on a peace officer, a misdemeanor offense. *See* § 18–3–204, C.R.S. (1986 Repl.Vol. 8B). Section 18–1–106(1.5)(a), C.R.S. (1990 Cum.Supp.) requires a term of incarceration for such a conviction. Accordingly, the trial court sentenced defendant to two concurrent terms of incarceration for two years and one day, the minimum permitted. Citing § 18–1–105(10), C.R.S. (1990 Cum.Supp.) as authority, the trial court then ordered those terms suspended, provided defendant met certain conditions.

The People appeal the suspension of the sentences, contending that § 18–1–105(10) does not grant the trial court authority to suspend a misdemeanor sentence. We find no error.

■ The judiciary has the exclusive power to impose sentences, but only within the limits determined by the General Assembly

which has the sole authority to define crimes and prescribe punishment. *People v. Montgomery*, 669 P.2d 1387 (Colo.1983).

Section 18–1–105(10) grants authority to suspend sentences, but it is included in a section which defines and prescribes penalties for felonies. The People argue that the placement of this statute necessarily indicates that the authority it describes extends only to the suspension of felony sentences and that, therefore, the trial court erred in suspending defendant's sentence.

Legislative intent is the polestar of statutory interpretation. *In re Estate of Hill*, 713 P.2d 928 (Colo.App.1985). However, we do not find credible the People's suggested interpretation of legislative intent to authorize suspension of sentences for the more serious crimes while not authorizing suspended sentences for those of a lesser nature. To interpret § 18–1–105(10) as granting authority to the court to suspend sentences only for felonies and not for misdemeanors would result in absurd consequences which we conclude the General Assembly did not intend. Consequently, we reject the narrow construction of § 18–1–105(10) which the People urge.

Sentence affirmed.

PLANK and JONES, JJ., concur.