**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Jose DELGADO, Defendant–Appellant.**

**No. 90CA0152.**

Colorado Court of Appeals, Div. IV.

Nov. 7, 1991.

Rehearing Denied Dec. 19, 1991.

Certiorari Denied July 20, 1992.

972

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Roger G. Billotte, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Rowe P. Stayton, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, Jose Delgado, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of unlawful sale of 28 grams or more of cocaine, conspiracy to sell and distribute cocaine, possession with intent to sell and distribute cocaine, possession with intent to sell and distribute marijuana, and finding he was a special offender. We affirm.

I.

Defendant asserts the trial court erred in failing to suppress statements he made to law enforcement officers. He argues he was not adequately advised of his rights and did not make a knowing waiver of his

right to remain silent because of his alleged limited command of English, his educational level, and his limited contacts with law enforcement.

■ A suspect may waive his right to remain silent as long as the waiver is knowingly, intelligently, and voluntarily made. *People v. Hopkins,* 774 P.2d 849 (Colo.1989).

■ The validity of a waiver of the right to maintain silence must be resolved on the basis of the totality of circumstances surrounding a custodial interrogation. Factors to be considered include the lapse of time between an initial *Miranda* advisement and any subsequent interrogation; whether the defendant or the interrogating officer initiated the interview; whether and to what extent the interrogating officer reminded the defendant of his rights prior to the interrogation by asking him if he recalled his rights, understood them, or wanted an attorney; the clarity and form of the defendant's acknowledgement and waiver, if any; and defendant's background and experience with the criminal justice system. *People v. Hopkins, supra.*

■ Here, the record reveals that the defendant was informed of his rights both orally and in writing when he was at the police station. Testimony indicated that the defendant was able to converse in English and appeared to have no problem in understanding the questions asked of him. The defendant was read the written advisement, initialed each section, and signed the document to show that he understood his rights.

While the defendant indicated that he could not understand "real big words," the trial court found that he had the ability to communicate in English and to understand his rights even though he was not advised in Spanish. The trial court found no credence in the defendant's position that his statements were coerced by an alleged threat to arrest his pregnant wife. The trial court further found that the defendant had told the interrogating officers that he recalled his rights prior to a second inter-

view conducted on the following day, even though a complete advisement did not then take place.

In light of the totality of the circumstances, we find no error in the trial court's denial of the motion to suppress the statements. The defendant's execution of the written waiver of his rights, his demonstration of his ability to converse in the English language, and the temporal proximity of the subsequent interview to the initial advisement belie his assertion that the waiver was not given knowingly, intelligently, and voluntarily. *See People v. Hopkins, supra.* The record supports the conclusion that the prosecution met its burden of proof to show the validity of the defendant's waiver of his rights by a preponderance of the evidence. *See People v. Mounts,* 784 P.2d 792 (Colo.1990).

II.

Defendant contends that the trial court erred in failing to suppress evidence seized from his residence pursuant to a search warrant. He argues that the affidavit was insufficient to establish probable cause for the issuance of the warrant.

■ Probable cause exists when an affidavit for a search warrant alleges sufficient facts to warrant a person of reasonable caution to believe that contraband or evidence of criminal activity is located at the place to be searched. *People v. Quintana,* 785 P.2d 934 (Colo.1990).

Here, the affidavit for the search warrant contained information that, immediately prior to defendant's arrest, an undercover police officer saw him driving a red car with a temporary license plate number of "18919Z" and accompanied by a pregnant woman and a small child. The affidavit contained further information reporting that a citizen informant had advised a police officer that he had seen a small red car with the same license plate number located at the premises sought to be searched. The informant also reported that he had recently observed a high volume of vehicular traffic visiting the trailer on those premises and that the trailer was occupied

by an Hispanic man, a pregnant woman, and a small child.

Based upon this record, we conclude that the trial court correctly found the information contained in the affidavit, when analyzed under the totality of the circumstances test, established probable cause to search the premises. *See People v. Quintana, supra.* The corroborating circumstances of the same license plate on the vehicle and the presence of a pregnant woman and small child accompanying the defendant in the car at the time of the arrest, and a high volume of short term visitors at the trailer shortly before defendant's arrest for selling cocaine to an undercover officer, established a reasonable probability that contraband or evidence of a crime would be found at the trailer.

We find no merit in defendant's contention that the search warrant was invalid because information regarding the defendant's description was intentionally omitted from the affidavit. The omitted facts did not render the affidavit substantially misleading to the judge who issued the warrant. *See People v. Sundermeyer,* 769 P.2d 499 (Colo.1989).

### III.

Defendant maintains the trial court erred in holding it had no discretion to suspend any portion of the sentence imposed upon the special offender count. He argues that the trial court should have been able to suspend a portion of the sentence pursuant to § 18–1–105(10), C.R.S. (1991 Cum.Supp.). We disagree.

Section 18–18–107, C.R.S. (1986 Repl.Vol. 8B) requires the trial court to sentence a defendant found to be a special offender to a term greater than the presumptive range for a class 2 felony but not more than twice the maximum presumptive term for such a felony if, as in this case, the defendant unlawfully imported into Colorado any schedule II controlled substance. This statute constitutes a sentence enhancement provision which limits the trial court's sentencing discretion. *People v. Garcia,* 752 P.2d 570 (Colo.1988).

In light of the mandatory language found in § 18–18–107, C.R.S. (1986 Repl. Vol. 8B), we conclude the trial court was required to sentence the defendant within the range set forth in the statute. To allow suspension of part of the sentence would defeat the obvious legislative intent to require enhanced sentencing for special offenders. *See generally People v. Terry,* 791 P.2d 374 (Colo.1990). Moreover, § 18–1–105(10) allows the trial court only to suspend the imposition or execution of a sentence, not the length of the sentence. We find no abuse of discretion under these circumstances.

Judgment and sentence affirmed.

PLANK and MARQUEZ, JJ., concur.