The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

John Ernesto **MUNOZ**, Defendant–Appellant.

No. 92CA0771.

Colorado Court of Appeals, Div. I.

May 27, 1993.

Rehearing Denied July 1, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jonathan Arnold Abbott, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Stephen L. Alonzi, Denver, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, John Ernesto Munoz, appeals the trial court's order partially denying his Crim.P. 35(b) motion. We affirm.

Pursuant to a plea agreement, defendant entered guilty pleas to two counts of distribution of cocaine, both class 3 felonies. The presumptive sentencing range for a class 3 felony at the time these offenses were committed was 4 to 16 years. However, defendant was on probation at the time he committed the offenses, and the court was therefore required to impose a minimum sentence having a duration of at least the mid-point in the presumptive range. *See* § 18–1–105(9)(a)(III), C.R.S. (1992 Cum.Supp.). Defendant received a 10–year sentence for the first count and a 14–year sentence for the second count.

Defendant later filed a motion for reduction of sentence pursuant to Crim.P. 35(b). The court reduced the 14–year sentence to 10 years and 6 months, but concluded that neither sentence could be reduced below 10 years. The court further denied defendant's request to suspend the sentence, reasoning that § 18–1–105(10), C.R.S. (1992 Cum.Supp.) required the recommendation

of the district attorney. The district attorney did not make this recommendation.

Defendant contends the court erred in denying his request to suspend the sentences. He maintains that, pursuant to the version of § 18–1–105(10) in effect at the time of the commission of the offenses, the court had the authority to suspend his sentences absent any recommendation by the district attorney. He further argues that the court's application of an amended version of § 18–1–105(10) to his case violated the constitutional prohibitions against *ex post facto* laws. We agree that the court erred in applying the amended version of the statute to the defendant's situation, but nonetheless conclude that the court had no authority to reduce defendant's sentences below 10 years.

Defendant committed the offenses in November of 1990. Two years earlier the General Assembly had enacted a statute authorizing a court to "suspend the imposition or execution of sentence for such period and upon such terms and conditions as it may deem best." Section 18–1–105(10). In 1991, the statute was amended and the following language added:

> In no instance shall any such sentence be suspended if the defendant is ineligible for probation pursuant to section 16–11–201, C.R.S., except upon an express waiver being made by the sentencing court regarding a particular defendant upon recommendation of the district attorney and approval of such recommendation by an order of the sentencing court pursuant to section 16–11–201(4), C.R.S.

Here, defendant was on probation for an offense committed within 10 years of the time he committed the two 1990 felonies. Accordingly, he was ineligible for probation for those offense. *See* § 16–11–201(2), C.R.S. (1986 Repl.Vol. 8A).

■ Legislation is presumed to have prospective effect unless a contrary intent is expressed by the General Assembly. *See* § 2–4–202, C.R.S. (1980 Repl.Vol. 1B); *Riley v. People*, 828 P.2d 254 (Colo.1992).

■ Here, the effective date of the amendment to § 18–1–105(10) was June 6, 1991. Colo.Sess.Laws 1991, ch. 73, § 22 at 404 and 409. We find no indication in the language or structure of the amendment to justify the trial court's conclusion that the amendment could be given retroactive application. The plain language of the enactment indicates a legislative determination that the 1991 amendment was intended to have prospective application only.

Had the General Assembly intended the amendment to be applied retroactively, it could have included language to that effect just as it included separate enactment language for another statute within the act in which the amendment was enacted. *See* Colo.Sess.Laws 1991, ch. 73, § 22 at 409. Accordingly, we conclude that the court's retroactive application of the amendment requiring the district attorney's recommendation for suspension of sentence was error.

■ We further conclude that, in applying the 1991 amendment to § 18–1–105(10) to the defendant, the court violated the constitutional proscription against *ex post facto* laws.

U.S. Const. art. I, § 10, and Colo. Const. art. II, § 11, prohibit the enactment of *ex post facto* legislation. An *ex post facto* law is one which punishes as a crime conduct that was innocent when done, makes more onerous the punishment for a crime after its commission, or deprives a defendant of a defense that was available at the time the crime was committed. *People v. District Court*, 834 P.2d 181 (Colo.1992).

The defendant committed the offenses at issue here in 1990. The amendment to § 18–1–105(10) was not enacted until 1991. Retroactive application of the amendment to this defendant makes the punishment for his crimes more onerous because it restricts the court's ability to suspend sentence. Hence, the court's application of the amendment to the defendant in this case contravenes the prohibitions against *ex post facto* laws.

Nevertheless, we conclude that the trial court did not err in determining that it

could not reduce defendant's sentences below 10 years.

 Because of his probationary status, the minimum sentence applicable to the defendant was the mid-point in the presumptive range, or 10 years. Section 18-1-105(9)(a)(III). We are not persuaded by defendant's contention that § 18-1-105(10), C.R.S. (1986 Repl.Vol. 8B), as originally enacted, allowing the court to suspend sentence, applies in all situations, including those involving statutorily mandated enhanced sentences.

In the event that statutes conflict, if possible, effect shall be given to both. If this is not workable, the more specific provision shall prevail as an exception to the general rule. Section 2-4-205, C.R.S. (1980 Repl.Vol. 1B); *Fuhrer v. Department of Motor Vehicles,* 197 Colo. 325, 592 P.2d 402 (1979).

Applying this principle, we conclude that § 18-1-105(10) does not give a court authority to suspend a statutorily mandated enhanced sentence. Section 18-1-105(9)(a)(III) is the more specific statute. It requires, by the use of the word "shall," an enhanced sentence when a defendant is already on probation for a previous offense. Section 18-1-105(10) is a statute of broader scope, and the requirement in § 18-1-105(9)(a)(III) is an exception to the general rule, allowing the suspension of sentences, found in § 18-1-105(10).

Had the General Assembly wanted § 18-1-105(10) to apply to every sentencing situation, it could have included language in the statute such as "notwithstanding any provision to the contrary." In the absence of such language, we presume that the more specific statute must control in defendant's case.

Hence, the court's sentencing discretion was limited here. In light of the mandatory language of § 18-1-105(9)(a)(III), it had no authority either to reduce defendant's sentences below 10 years or to suspend them. *See also People v. Delgado,* 832 P.2d 971 (Colo.App.1991) (when a court is required to sentence a defendant within a particular range, it cannot suspend a part of that sentence and defeat the obvious legislative intent to require enhanced sentencing for certain offenders).

Order affirmed.

PIERCE and DAVIDSON, JJ., concur.