**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Michael Ray NASTIUK, Defendant– Appellant.**

**No. 93CA1602.**

Colorado Court of Appeals, Div. 1.

June 29, 1995.

Rehearing Denied Aug. 10, 1995.

Certiorari Denied March 18, 1996.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),    and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., M. Catherine Duba, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge TAUBMAN.

Defendant, Michael Ray Nastiuk, appeals from the sentence imposed following the entry of his guilty plea to distribution of marijuana. We affirm.

As a result of incidents occurring in June and July 1989, defendant was originally charged with two counts of distribution of less than one ounce of marijuana and two habitual criminal counts. Following plea negotiations defendant entered a guilty plea to one of the distribution charges, and all of the remaining counts were dismissed. As part of the plea agreement the prosecutor agreed not to oppose a direct sentence to a community corrections facility.

The presentence report thereafter prepared indicated that defendant was on parole in California at the time of the commission of the offense to which he entered the guilty plea and that, therefore, he was subject to an enhanced sentence. Although the probation officer who prepared the report believed that defendant might have been an appropriate candidate for a community corrections or intensive supervised probation program, she concluded that a minimum enhanced sentence of five years was required by statute as a result of defendant's parole status. The court subsequently imposed a five-year sentence to the Department of Corrections.

On appeal, defendant contends that the trial court erred in following the recommendation in the presentence report and erroneously concluded that it was required to impose an enhanced sentence as a result of defendant's parole status. Defendant specifically argues that the court failed to consider as an alternative a suspended sentence pursuant to § 18–1–105(10), C.R.S. (1994 Cum. Supp.). He maintains, therefore, that the sentence should be vacated and the case

returned to the trial court for its consideration of a suspended sentence option. We disagree.

## I.

■ We initially address, and reject, the People's claim that defendant's challenge to his sentence is rendered moot by the denial of his motion for reduction of sentence pursuant to Crim.P. 35(b).

Two months after defendant was sentenced in this case, he filed a motion for reconsideration of the sentence. In his motion he alleged that he had done "everything in [his] power" to rehabilitate himself while in prison. Defendant further maintained that the parole hold from California had been removed, thus enabling the court to consider a sentence to community corrections.

The court denied defendant's motion, concluding that the sentence was appropriate when it was imposed and remained appropriate at the time the court considered the motion. Noting defendant's significant mental health problems and the fact that he was a high escape risk, the court determined that he was not an appropriate candidate for community corrections.

The People argue that the court's ruling on defendant's Crim.P. 35(b) motion renders defendant's subsequent challenge to his sentence moot because the court indicated in its ruling that the original sentence was appropriate. Citing *People v. Lopez*, 624 P.2d 1301 (Colo.1981), the People maintain that once a trial court has ruled on a Crim.P. 35(b) motion, the propriety of the original sentence is no longer an issue. We disagree with this argument.

First, we note that *People v. Lopez, supra,* is not dispositive of the issue raised by the People. In that case the court reiterated the rule that a defendant may only appeal the propriety of a sentencing proceeding. However, it did not specifically address the question of whether, after a motion for reconsideration of sentence has been filed, the defendant may challenge the sentencing proceeding in a direct appeal by raising a new issue. We are unaware of any authority that prohibits the defendant from doing so.

Moreover, here the defendant has challenged the sentencing proceeding in his direct appeal by claiming that the court failed to consider an appropriate sentencing option. In contrast, defendant's Crim.P. 35(b) motion merely informed the court of a change of circumstance since the original sentence was imposed, and requested that a new sentence be considered. The two issues are different. The Crim.P. 35(b) motion did not suggest that the sentence originally imposed was an abuse of discretion, but merely made a case for the reduction of the original sentence. The challenge in this appeal, however, is that the original sentence was an abuse of discretion based upon the sentencing court's misapprehension of the appropriate legal standard.

The fact that the court indicated that its original sentence was appropriate in no way addresses defendant's contention on appeal that the court erred in failing to consider a suspended sentence as one of the sentencing options. Nor does the fact that the court rejected community corrections as a sentence alternative for this defendant in any way suggest that it considered all of the applicable sentencing options when ruling on the defendant's Crim.P. 35(b) motion. Hence, we conclude that the issue raised in this appeal is not foreclosed by the court's previous ruling on defendant's Crim.P. 35(b) motion.

## II.

In the 1988 legislative session, the General Assembly restored to the trial courts the power that they had prior to 1972 to suspend sentences. *See* Colo.Sess.Laws 1988, ch. 116, § 18-1-105(10) at 681–682. This legislation became effective July 1, 1988, and applies only to acts committed on or after that date. *See* Colo.Sess.Laws 1988, ch. 116, at 682; *Chae v. People,* 780 P.2d 481 (Colo.1989).

Section 18-1-105(10), as it was enacted in 1988, provided as follows:

> When it shall appear to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be best served thereby, the court shall have the power to suspend the imposition or execution of sentence for

such period and upon such terms and conditions as it may deem best.

The General Assembly amended this statutory provision in 1993, adding language that the court's authority to suspend a sentence does not apply when a defendant is sentenced pursuant to a mandatory sentencing provision. *See* § 18–1–105(10), C.R.S. (1994 Cum.Supp.).

It is defendant's position, however, that because he committed the offense at issue here after 1988 but before the 1993 amendments were enacted, the originally enacted statutory subsection applies in his case. He argues that because the language of the statute as originally enacted does not make an exception for a defendant sentenced pursuant to a mandatory sentencing provision, the court was not bound to impose an enhanced sentence in this case. Even if we accept defendant's position concerning the statutory amendment, we disagree with this contention.

Defendant was sentenced pursuant to § 18–1–105(9)(a) C.R.S. (1994 Cum.Supp.), which states, in pertinent part:

> The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term of at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony.

One of the extraordinary aggravating circumstances referenced is that:

> The defendant was on parole for another felony at the time of commission of the felony.... Section 18–1–105(9)(a)(II), C.R.S. (1986 Repl.Vol. 8B).

It would appear that the enhanced sentencing provisions of § 18–1–105 conflict with the statutory subsection on suspended sentences.

■ In the event that statutes conflict, effect shall be given to both if possible. However, if this is not possible, the more specific provision prevails as an exception to the general rule. *People v. Munoz,* 857 P.2d 546 (Colo.App.1993).

A very similar issue has been examined in *People v. Munoz, supra.* There, the defendant was on probation for another offense when, in 1990, he committed the drug offenses at issue, and he received two enhanced sentences as a result of his probationary status. In a Crim.P. 35(c) proceeding, he argued that the court erred in denying his request for a suspended sentence.

A division of this court rejected defendant's argument and determined that § 18–1–105(10), C.R.S. (1994 Cum.Supp.) does not apply in all situations. Because § 18–1–105(9)(a) C.R.S. (1994 Cum.Supp.) and its pertinent subsection designating probationary status as extraordinary aggravating circumstance are more specific than the suspended sentence provisions in the same statute, and use the word "shall" when addressing the court's authority to impose an enhanced sentence under particular circumstances, this court concluded that a trial court does not have the authority to suspend a statutorily mandated enhanced sentence.

■ We conclude that the *Munoz* analysis is dispositive of the claims here. In *Munoz,* as here, the defendant was convicted of an offense committed after 1988 and before the 1993 sentencing amendments were enacted. Here, defendant's five-year prison term was a statutorily mandated enhanced sentence imposed as a result of his parole status. Just as was the case with the defendant in *Munoz* who was on probation, the requirement in § 18–1–105(9)(a)(II) that a defendant on parole who is sentenced to imprisonment receive an enhanced sentence is an exception to the general rule allowing the sentencing court to suspend sentences.

Therefore, the court's sentencing discretion was limited in this case. In light of the requirement that defendant receive an enhanced sentence if sentenced to a term of imprisonment, the trial court did not err in failing to consider a suspended sentence as a sentencing option. It had no authority to impose such a sentence. *See also People v. Delgado,* 832 P.2d 971 (Colo.App.1991) (when a sentence enhancement provision which limits the court's sentencing discretion man-

dates that a defendant be sentenced in a particular range, to allow a court to suspend a part of the sentence would defeat the clear legislative intent of the enhanced sentencing statute).

Defendant's reliance on *Beecroft v. People,* 874 P.2d 1041 (Colo.1994) and *People v. Schwartz,* 823 P.2d 1386 (Colo.App.1991) is misplaced. Neither case addressed the authority of a sentencing court, when sentencing an offender who has committed a felony, to suspend a sentence where the sentence is imposed pursuant to a mandatory enhanced sentencing provision.

Further, contrary to defendant's claim, *Beecroft* is factually distinguishable in one important respect. In *Beecroft,* the defendant received a suspended sentence conditioned upon treatment from a private drug rehabilitation center even though he was not eligible for probation because of two minor felony convictions. *See* § 16–11–201(2), C.R.S. (1986 Repl.Vol. 8A). *Beecroft* did not concern a mandatory enhanced sentencing provision. Thus, it does not effectively overrule either *People v. Munoz, supra,* or *People v. Delgado, supra.*

The sentence is affirmed.

METZGER and PLANK, JJ., concur.