The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Kimberly SMITH, Defendant–Appellant.

No. 94CA1790.

Colorado Court of Appeals, Div. V.

June 13, 1996.

Rehearing Denied July 18, 1996.

Certiorari Denied March 10, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Catherine P. Adkisson, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Kimberly Smith, appeals the denial of her motion for reduction of sentence pursuant to Crim. P. 35(b). We affirm.

In 1991, defendant was found guilty by a jury of child abuse resulting in death, a class 2 felony. Defendant was sentenced to serve sixteen years in the custody of the Department of Corrections. On defendant's direct appeal, a division of this court affirmed. *People v. Smith*, (Colo.App. No. 92CA0138, Dec. 23, 1993) (not selected for official publication). After remand, defendant filed a motion for sentence reduction pursuant to Crim. P. 35(b).

The sentencing court conducted a hearing on defendant's motion. Although the sentencing court explained it felt that a prison sentence was the only appropriate sentence, the court also indicated that, if it had the legal authority to do so, it would reduce the sentence to a four-year term of incarceration and suspend the balance of the mandatory minimum sentence. But, believing that it had no such authority under the relevant sentencing statutes, the court maintained the original sentence.

On appeal, defendant argues that the sentencing court erred in concluding that it lacked authority to impose a four-year prison sentence under the applicable statutes. We disagree.

We agree with both parties that, because defendant was convicted for a crime committed on February 4, 1991, the relevant sentencing provision, § 18–1–105(9)(d)(I), C.R.S. (1986 Repl.Vol. 8B), mandated a sentence of at least sixteen years (the mid-point in the presumptive range for a class two felony child abuse conviction). We also agree with both parties that the following version of § 18–1–105(10) governing suspension of sentences was in effect at the time:

> When it shall appear to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be best served thereby, the court shall have the power to suspend the imposition or execution of sentence for such period and upon such terms and conditions as it may deem best.

Colo. Sess. Laws 1988, ch. 116, § 18–1–105 at 682.

■ However, in arguing that § 18–1–105(10) provides a sentencing court with the discretion to suspend the imposition or execution of sentence, defendant ignores the express provisions of § 18–1–105(9)(d)(II), C.R.S. (1986 Repl.Vol. 8B). That subsection of the statute states:

> In no case shall any defendant sentenced pursuant to subparagraph (I) of this paragraph (d) [class 2 felony child abuse] be eligible for suspension of sentence or for probation or deferred prosecution.

The language of this subsection plainly prohibits a sentencing court from suspending a sentence when, as here, a defendant is convicted of class two felony child abuse.

■ Nor do we perceive any conflict between the provisions of § 18–1–105(9)(d)(II)

and § 18–1–105(10). In the event statutes conflict, effect shall be given to both, if possible. If not, the more specific provision shall prevail as an exception to the general rule, absent a clear legislative intent to revoke the prior specific provision. Section 2–4–205, C.R.S. (1980 Repl. Vol. 1B); *Fuhrer v. Department of Motor Vehicles,* 197 Colo. 325, 592 P.2d 402 (1979).

■ Applying those rules, we conclude that the statutes can be construed in accord with each other. Section 18–1–105(9)(d)(II), concerning the suspension of sentence for the class two felony of child abuse, is the more specific statute in this case. Section 18–1–105(10), governing the suspension of sentences generally, is a statute of a broader scope. Thus, the prohibition against suspended sentences found in § 18–1–105(9)(d)(II) is an exception to the general rule of suspending sentences found in § 18–1–105(10).

Because we conclude that the sentencing court correctly ruled that it lacked statutory authority to order defendant to serve the four-year prison sentence which it wished to impose, we need not consider whether the court would have had authority to suspend part of or the entire mandatory minimum sixteen-year sentence under *People v. Delgado,* 832 P.2d 971 (Colo.App.1991) or *People v. Munoz,* 857 P.2d 546 (Colo.App.1993).

Order affirmed.

ROTHENBERG and TAUBMAN, JJ., concur.