The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Kimberly SMITH, Defendant–Appellant.

No. 95CA1601.

Colorado Court of Appeals, Div. 1.

April 3, 1997.

Rehearing Denied May 1, 1997.

Certiorari Granted Nov. 17, 1997.

ment of Corrections. Defendant appealed her conviction and a division of this court affirmed. *People v. Smith,* (Colo.App. No. 92CA0138, Dec. 23, 1993) (not selected for official publication).

After remand, defendant filed a motion for sentence reduction pursuant to Crim. P. 35(b). At a hearing on defendant's motion, the sentencing court explained that, if it had the legal authority to do so, it would reduce the original sentence to a four-year term of incarceration and suspend the balance of the mandatory minimum sentence. But, believing that it had no such authority under the relevant sentencing statutes, the court maintained the original sentence.

On appeal, a division of this court affirmed, concluding that the relevant sentencing provision, § 18–1–105(9)(d)(I & II), C.R.S. (1986 Repl.Vol. 8B), mandated a sentence of at least sixteen years (the mid-point in the presumptive range for a class two felony child abuse conviction). The court explained that no portion of the mandatory sentence could be suspended. *People v. Smith,* 932 P.2d 830 (Colo.App.1996) *(Smith II).*

While defendant's appeal from the denial of her Crim. P. 35(b) motion was pending in this court, defendant completed the Regimented Inmate Training Program (RITP), § 17–27.7–101, C.R.S. (1996 Cum.Supp.). Pursuant to § 17–27.7–104, C.R.S. (1996 Cum.Supp.), defendant filed a timely motion for sentence modification.

The trial court conducted a hearing on defendant's motion and again expressed the opinion that a sixteen-year prison sentence in the custody of the Department of Corrections was an inappropriately harsh sentence based on defendant's conduct and character. Notwithstanding its inclination to modify defendant's sentence, the trial court ruled that it lacked the statutory power to do so. Defendant appeals from that order.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Catherine P. Adkisson, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Anne Stockham, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Kimberly Smith, appeals the denial of her motion for modification of sentence pursuant to Crim. P. 35(b). We reverse and remand.

In 1991, defendant was convicted by jury of child abuse resulting in death, a class two felony. Defendant was sentenced to serve sixteen years in the custody of the Depart-

Defendant was sentenced to sixteen years in the custody of the Department of Corrections pursuant to the following provisions:

(I) If the defendant is convicted of the class 2 or class 3 felony of child abuse under section 18–6–401(7)(a)(I) or (7)(a)(III), the court shall be required to

sentence defendant to a term greater than the maximum in the presumptive range, but not more than twice the maximum term authorized in the presumptive range for the punishment of that class felony. (II) In no case shall any defendant sentenced pursuant to subparagraph (I) of this paragraph (d) be eligible for suspension of sentence or for probation or deferred prosecution.

Section 18–1–105(9)(d), C.R.S. (1986 Repl. Vol. 8B).

The statutory provisions governing sentence modification upon successful completion of the RITP provide, in relevant part:

(2)(a) If an offender successfully completes a regimented inmate training program, such offender, within sixty days of termination or completion of the program, shall automatically be referred to the sentencing court so that the offender may make a motion for reduction of sentence pursuant to rule 35b of the Colorado rules of criminal procedure.

(b) The department shall submit a report to the court concerning such offender's performance in the program. Such report may recommend that the offender be placed in a specialized probation or community corrections program. The court may not summarily deny the offender's motion without a complete consideration of all pertinent information provided by the offender, the offender's attorney, and the district attorney. The court may issue an order modifying the offender's sentence and placing the offender on probation or in a community corrections program.

Section 17–27.7–104.

■ Our primary goal in determining the meaning of a statute is to ascertain and give effect to the intent of the General Assembly. When two statutes address the same subject matter, we must attempt to read them together and reconcile them so as to give effect to each statute. *People v. Campbell*, 885 P.2d 327 (Colo.App.1994).

■ At the outset, we note that the People concede defendant is eligible to participate in the RITP even though the facts underlying her conviction involved violent acts. The General Assembly specified that persons serving sentences for crimes of violence pursuant to § 16–11–309, C.R.S. (1986 Repl.Vol. 8A) are ineligible for participation in the RITP. This exclusion also pertains to persons who have previously been convicted of a crime of violence and those persons serving a sentence for a nonviolent offense which was reduced from a crime of violence pursuant to a plea bargain. Section 17–27.7–103(1), C.R.S. (1996 Cum.Supp.). However, child abuse resulting in death is not an enumerated crime of violence pursuant to § 16–11–309. Thus, although the General Assembly could have specified that a defendant convicted of child abuse resulting in death is ineligible for the RITP, it did not, in fact, do so.

■ The People argue that, despite defendant's eligibility to participate in the RITP, she is nevertheless ineligible for sentence modification because § 17–27.7–104 conflicts with the more specific and controlling mandatory minimum sentencing provisions of § 18–1–105(9)(d) quoted above. The People do not specify the language in § 18–1–105(9)(d) which precludes subsequent modification of a mandatory sentence.

In the trial court, the People relied on the prohibition against suspended sentences and probationary sentences contained in § 18–1–105(9)(d)(II), C.R.S. (1986 Repl.Vol. 8B). However, by indicating that she is not seeking to have her sentence modified to a probationary sentence, defendant has narrowed the issues such that we need only determine whether modifying her sentence to a shortened community corrections sentence pursuant to § 17–27.7–104 conflicts with the prohibition against eligibility for "suspension of sentence" contained in § 18–1–105(9)(d)(II). We conclude that it does not.

"Modifying" a prison sentence does not amount to a "suspension" of the original sentence. While it is beyond dispute that a trial court order granting a request for modification may dramatically reform the original sentence, the effect is nevertheless different than if the court were to suspend the sentence.

When not specifically prohibited, a trial court "shall have the power to suspend the imposition or execution of sentence for such period and upon such terms and conditions as it may deem best...." Section § 18–1–105(10), C.R.S. (1996 Cum.Supp.). A suspended sentence is a unique mechanism by which a court may postpone the imposition of sentence altogether or delay the execution of sentence once it has been pronounced. *See Beecroft v. People,* 874 P.2d 1041 (Colo.1994) (prior to revocation, a suspended sentence does not constitute confinement); *People v. Seals,* 899 P.2d 359 (Colo. App.1995) (affirming imposition of a sentence to the Department of Corrections which had been suspended contingent upon defendant's successful completion of a community corrections sentence). And, as indicated above, a division of this court has previously determined that the trial court lacked authority to suspend defendant's sentence. *Smith II, supra.*

By contrast, an order "modifying" a sentence alters the sentence originally imposed and is itself a new sentence. *See People v. Rodriguez,* 914 P.2d 230 (Colo.1996) (in ruling on a Crim. P. 35(b) motion, the court exercises discretion in deciding whether to modify a previously imposed sentence); *see also People v. Williams,* 908 P.2d 1157 (Colo. App.1995) (once a conviction is final, only the executive branch has authority to modify a legally imposed sentence).

Viewing the two statutes at issue with this distinction in mind, we perceive no conflict. We therefore conclude that persons convicted of child abuse resulting in death are eligible for sentence modification upon successful completion of the RITP. This is the only interpretation which reconciles the two statutes without creating an unnecessary conflict. Apparently, the General Assembly was confident that allowing trial courts discretion to modify sentences of RITP graduates in appropriate cases would not undermine the otherwise mandatory minimum sentence required for a conviction of child abuse resulting in death.

Accordingly, since the trial court denied defendant's motion based on an erroneous belief that it was not authorized to grant relief, we must remand for reconsideration.

The order is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

METZGER and CASEBOLT, JJ., concur.