The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

William Lee SEALS, Defendant–Appellant.

No. 94CA1004.

Colorado Court of Appeals,
Div. V.

June 8, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler,

Asst. Atty. Gen., Denver, for plaintiff-appellee.

Paul Origlio, Aurora, for defendant-appellant.

Opinion by Judge KAPELKE

Defendant, William Lee Seals, appeals the order denying his motion to correct an illegal sentence pursuant to Crim.P. 35(a). We affirm.

Following the entry of his guilty plea to one count of theft of rental property, defendant was sentenced to six years probation in February of 1991. A complaint was later filed alleging that he had failed to comply with conditions of his probation. Following a hearing in January of 1993, the court revoked defendant's probation and resentenced him to four years in the Department of Corrections. The court then suspended the four-year sentence and ordered him to serve two years in a community corrections facility.

Defendant resided in the community corrections facility for less than two weeks when notice was given to the court that he had been terminated from the program. Defendant appeared before the court for a second resentencing hearing, following which he was resentenced to four years in the Department of Corrections.

Defendant filed a motion pursuant to Crim.P. 35(a) to correct an allegedly illegal sentence. Defendant argued that, pursuant to § 17-27-114(2), C.R.S. (1986 Repl.Vol. 8A), after his termination from the community corrections program the court was prohibited from imposing a sentence in excess of two years. It was his position that the two-year community corrections sentence was his original sentence within the meaning of the statute and, therefore, governed the length of any subsequent sentence. The court denied the motion, concluding that the four-year Department of Corrections sentence was the original sentence that governed any resentencing considerations. Accordingly, the court denied defendant's motion. This appeal followed.

I.

Defendant first claims that his initial sentence following his termination from community corrections was illegal. Relying on *People v. District Court,* 673 P.2d 991 (Colo. 1983), and *People v. Washington,* 709 P.2d 100 (Colo.App.1985), defendant maintains that the court was without jurisdiction to impose a sentence to the Department of Corrections and then suspend that sentence and contemporaneously impose a sentence to a community corrections facility. We disagree that the suspended sentence was illegal.

Prior to 1972, sentencing courts had the power to impose a sentence and then suspend its imposition or execution. C.R.S.1963, 39-16-6(1). In 1972, however, the General Assembly made major revisions to the criminal code and removed the authority of courts to suspend sentences. *See* Colo.Sess.Laws 1972, ch. 44, § 39-11-101, et seq., at 239; *People v. District Court, supra.*

■ In the 1988 legislative session, however, the General Assembly restored the court's power to suspend sentences. *See* Colo.Sess.Laws 1988, ch. 116, § 18-1-105(10) at 681-682. This legislation became effective July 1, 1988, and applies only to acts committed on or after that date. *See* Colo.Sess. Laws 1988, ch. 116, at 682; *Chae v. People,* 780 P.2d 481 (Colo.1989).

■ In this case, the defendant was sentenced to probation in February of 1991 for an offense he committed in 1990. At the time defendant committed the offense, our statutes authorized a court to impose a sentence and then suspend its imposition or execution. Hence, the sentence to community corrections imposed following the court's suspension of the four-year sentence to the Department of Corrections was not, contrary to defendant's claim, illegal or in excess of the court's jurisdiction.

Defendant's reliance on *Montoya v. People,* 864 P.2d 1093 (Colo.1993) is misplaced. There the court stated the rule that a trial court has no authority to impose a sentence to imprisonment, suspend that sentence, and then impose a sentence to probation. Such a procedure violates the specific provisions of § 16-11-101, C.R.S. (1986 Repl.Vol. 8A).

Here, however, the sentence imposed following defendant's suspended sentence was not probation.

## II.

Defendant's primary contention is that the court exceeded its jurisdiction in imposing a four-year sentence to the Department of Corrections upon defendant's termination from the community corrections program. Again, we disagree.

Section 17–27–103(3), C.R.S. (1986 Repl. Vol. 8A), as it existed at the time of the commission of this offense, provided in pertinent part:

> If an offender is rejected by the corrections board after initial acceptance, the offender shall remain in the facility or program for a reasonable period of time pending receipt of appropriate orders from the sentencing court or the department for the transfer of such offender. The sentencing court is authorized to make appropriate orders for the transfer of such offender to the department and to resentence such offender and impose any sentence which might originally have been imposed without increasing the length of the original sentence.

The issue before us is whether the four-year sentence to the Department of Corrections imposed following the revocation of defendant's probation was the "original sentence." In order to make this determination, we must examine the statute which authorizes suspended sentences.

Section 18–1–105(10), C.R.S. (1994 Cum. Supp.), provides in pertinent part:

> When it shall appear to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be best served thereby, the court shall have the power to suspend the imposition or execution of sentence for such period and upon such terms and conditions as it may deem best.

To discern the legislative intent, we must consider the language of the statute itself, giving the words their commonly accepted and understood meanings. If the intent of a statute appears with reasonable certainty, there is no need to resort to other rules of statutory construction. *People v. Guenther,* 740 P.2d 971 (Colo.1987).

The plain language of the statutory provision authorizing suspended sentences draws a distinction between the suspension of the imposition of a sentence and the suspension of the execution of a sentence. Hence, under this statute a trial court is permitted to postpone the imposition of the sentence altogether or to suspend the execution of the sentence after it has been pronounced. In authorizing the suspension of sentences, the statute gives a trial court a great deal of discretion to fashion appropriate terms and conditions for the particular case and defendant.

In this case, the court actually imposed a sentence and then suspended its execution. Upon the imposition of the sentence to the Department of Corrections, there was a complete disposition of the case, and no further action by the court was required in order to make the judgment final. Suspending the execution of the sentence had no impact on the finality of the case. *Cf. Downing v. People,* 895 P.2d 1046 (Colo.1995) (the finality of a sentence is not affected by the fact that the sentence is ultimately vacated, provided the sentence was a legal sentence as initially imposed). The suspension simply served as a postponement of the originally imposed sentence under those terms that the court deemed appropriate for this defendant.

The court's suspension of the execution of the sentence to the Department of Corrections and its conditioning of that suspension on defendant's serving a term in a community corrections facility permitted defendant to be rehabilitated with minimal supervision and mild punishment. The fact remains, however, that an original sentence to the Department of Corrections was imposed. The two-year term in a community corrections facility was merely one of the conditions of the suspension of the execution of defendant's original sentence and was not an imposition of a new sentence.

Under these circumstances, we conclude that defendant's sentence to the Department of Corrections was the original sentence imposed and that it is the length of that sentence which determined the court's resentencing authority under § 17-27-103(3), C.R.S. (1986 Repl.Vol. 8A).

Defendant's reliance on *People v. Herrera*, 734 P.2d 136 (Colo.App.1986), and *People v. Johnson*, 42 Colo.App. 350, 594 P.2d 601 (1979) is misplaced. Neither of these cases addresses the imposition of a sentence, the suspension of that sentence, and the subsequent resentencing of the defendant. Hence, both cases are factually distinguishable from the situation here.

The order is affirmed.

DAVIDSON and ROTHENBERG, JJ., concur.