The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Aisha R. McCOY, a/k/a Jeannine R.
Tinsley, Defendant–Appellant.

No. 96CA0698.

Colorado Court of Appeals,
Div. V.

May 29, 1997.

Rehearing Denied June 26, 1997.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Sandra K. Mills, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Eric B. White, Aurora, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Aisha Raynette McCoy a/k/a/ Jeannine R. Tinsley, appeals the trial court's order revoking her sentence to the Youthful Offender System (YOS) and imposing the previously suspended sentence to the Department of Corrections (the Department). Because we reject her constitutional and statutory challenges to the YOS scheme, we affirm.

The YOS is a sentencing alternative designed for juveniles convicted of felonies as adults pursuant to direct filing procedures. It is a multi-phase program conducted in a controlled and regimented environment. *See* § 16–11–311(1)(a), C.R.S. (1996 Cum.Supp.). The YOS sentencing statute requires the court to impose upon defendant a sentence to the Department and then to suspend it. *See* § 16–11–311(2)(a)(I), C.R.S. (1996 Cum. Supp.).

Defendant here was charged with multiple felonies in an information directly filed in the district court. The felonies were committed while she was under the age of eighteen. Pursuant to a plea agreement, she pled guilty to a single count of aggravated robbery, and the remaining charges were dismissed with the stipulation that she would receive a four-year sentence to the YOS. The plea agreement provided that, if defendant's YOS sentence were revoked, her sentence to the Department would not exceed sixteen years.

The trial court accepted the plea agreement and imposed the stipulated sentence to the YOS. It also imposed and suspended defendant's fourteen-year sentence to the

Department pending her successful completion of the YOS sentence.

Fourteen months later, the People filed a motion for revocation of the YOS sentence. After conducting an evidentiary hearing and finding defendant had violated several YOS rules and regulations, the trial court revoked her sentence to the YOS. It then imposed the defendant's original fourteen-year sentence to the Department which it previously had suspended, and ordered that she receive 161 days of pre-sentence confinement credit for the time she spent in custody before entry of the original sentence, as well as 511 days of additional pre-sentence confinement credit for the time she spent in the YOS.

## I.

Defendant first contends she was entitled to additional earned time credits for time she spent in the YOS before the revocation. Specifically, she asserts that the YOS statute, § 16–11–311(2)(b), C.R.S. (1996 Cum.Supp.), violates her right to equal protection of the law because it disallows such earned time. We do not address this issue.

■ Defendant raised this claim in a motion to set aside or reduce sentence filed in the trial court after the revocation proceeding. The trial court ordered a hearing on that motion, but defendant filed the present appeal before the hearing was conducted, divesting the trial court of jurisdiction. Hence, because the trial court was not afforded an opportunity to address this claim and we do not have a proper record on which to decide the issue, we will not decide the issue for the first time on appeal. *See Committee for Better Health Care v. Meyer*, 830 P.2d 884 (Colo.1992); *see also People v. Mershon*, 874 P.2d 1025 (Colo.1994) (fn. 13). Defendant is not foreclosed, however, from bringing her claim in a proper post-conviction proceeding. *See* Crim. P. 35(c).

Although we will not address the equal protection issue for procedural reasons, we reject the People's assertion that this court lacks subject matter jurisdiction over the issue based on § 13–4–102(1)(b), C.R.S. (1996 Cum.Supp.) (court of appeals lacks appellate jurisdiction over cases in which a statute has been declared unconstitutional). As noted, the trial court has not ruled on the constitutionality of the YOS statute. Thus, § 13–4–101(1)(b) does not apply here.

## II.

Defendant next asserts that the trial court denied her right to due process of law by allowing the prosecution to introduce hearsay evidence at the revocation hearing and by basing its order of revocation on hearsay evidence. We disagree.

Defendant was referred to the court for revocation of her YOS sentence pursuant to the following provision:

> The department of corrections shall implement a procedure for returning offenders who cannot successfully complete the sentence to the youthful offender system to the district court for the imposition of the original sentence. After the executive director upholds the department's decision, the department shall notify the district attorney of record, and the district attorney of record shall be responsible for seeking the revocation of the youthful offender's sentence and the imposition of the original sentence.

Section 16–11–311(5)(c), C.R.S. (1996 Cum. Supp.).

As originally enacted, the YOS statute entitled defendant to a revocation hearing conducted in accordance with the procedures applicable to probation revocation hearings. *See* Colo. Sess. Laws 1993, ch. 2, § 16–11–311(2)(a) at 14 (1st Extraordinary Session) (referencing the probation revocation hearing procedures detailed at § 16–11–206, C.R.S. (1986 Repl.Vol. 8A)).

However, the YOS statute has been amended and no longer specifies the procedural framework governing revocation. As relevant here, it now provides that:

> Whenever a person is returned to the district court for revocation pursuant to subsection (5) of this section, the court shall impose the original sentence following the revocation of the sentence to the youthful offender system.

Section 16–11–311(2)(a)(II), C.R.S. (1996 Cum.Supp.).

■ Despite the General Assembly's deletion of specific language requiring a hearing, due process entitles a defendant to a prerevocation evidentiary hearing and the opportunity to confront and cross-examine witnesses. *See Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (outlining the minimum requirements of due process at a parole revocation hearing); *see also Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (incorporating the procedural protections of *Morrissey* for probation revocation proceedings). These constitutional safeguards are required for revocation of a YOS sentence for the same reason they are required for revocation of a probationary sentence or parole. Such revocations may cause defendants to be placed in a more restrictive confinement. *Cf. Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976) (disciplinary transfer having substantial impact on prisoner implicates due process concerns); *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

Further, revocation of a YOS sentence can only occur upon a showing that defendant cannot successfully complete the sentence. A defendant has a reasonable expectation that transfer will not occur absent just cause. *See People v. Berquist,* 916 P.2d 629 (Colo. App.1996) (minimum due process protections are required for revocation of a deferred judgment and sentence).

Therefore, revocation of a YOS sentence is markedly different from revocation of a community corrections placement where rejection may occur for any reason or for no reason at all. *See People v. Abdul,* 935 P.2d 4 (Colo.1997) (criminal defendant being resentenced following his termination from direct placement in community corrections does *not* have due process or statutory right to resentencing hearing); *People v. Wilhite,* 817 P.2d 1017 (Colo.1991), *cert. denied,* 502 U.S. 1103, 112 S.Ct. 1193, 117 L.Ed.2d 434 (1992).

■ Although we conclude that minimum due process protections are required at a YOS revocation proceeding, we reject defendant's assertion that one facing revocation of YOS is entitled to the full panoply of constitutional protections guaranteed to an accused at trial. As in probation and parole revocation hearings, due process at a YOS revocation hearing requires only: (1) written notice of the claimed violations; (2) disclosure to defendant of the evidence against him or her; (3) a fair opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adversarial witnesses, unless there is good cause to deny such a right; (5) a neutral and detached hearing officer or judge; and (6) a written statement by the factfinder as to the evidence relied on and reasons for the revocation. *See Morrissey v. Brewer, supra.*

■ In such proceedings, the admission of hearsay evidence is permissible. *See People v. Kelly,* 919 P.2d 866 (Colo.App.1996); *People v. White,* 804 P.2d 247 (Colo.App.1990); *see also* CRE 1101(d)(3) (the rules of evidence do not apply in miscellaneous proceedings). We assume the burden of proof remains unchanged. *Cf.* § 16–11–206(3), C.R.S. (1986 Repl.Vol. 8A) (prosecution has burden of establishing violation of a condition of probation by a preponderance of the evidence).

At the revocation hearing here, the prosecution called two witnesses: defendant's YOS case manager and the deputy director of the YOS program. Both based their testimony on a review of documentary evidence in defendant's YOS file and conversations with YOS staff, rather than on personal knowledge. Defense counsel cross-examined both witnesses.

The case manager testified that defendant committed misconduct: (1) by participating in an escape; (2) by seeking medical attention for non-existent ailments; (3) by sending mail to a person in another institution contrary to YOS facility regulations; and (4) by engaging in disruptive behavior directed toward facility staff. According to the deputy director of the YOS, a psychologist, defendant's behavior evidenced her inability to fulfill the requirements of the YOS program.

Defendant testified at the hearing and denied attempting to escape. But she admitted lying to YOS staff after witnessing two inmates escape, using profanity toward a YOS supervisor, and disobeying the supervisor's order. She also admitted mailing a letter to a person in another institution, but denied knowing she was not allowed to do so.

Based on all of the evidence, the trial court found that defendant had been advised her sentence to the YOS could be revoked for misconduct, and that she had committed the four acts of misconduct detailed by the case manager. Although the prosecution presented only hearsay evidence, defendant had an opportunity to cross-examine the witnesses and to rebut the evidence through her own testimony. In doing so, she admitted three of the violations.

■ We therefore reject her assertion that she was denied due process of law because the grounds for revocation were established by hearsay evidence. *See People v. Kelly, supra* (when defendant was able to cross-examine witnesses and admitted probation violation during his own testimony, finding of violation based on hearsay testimony not denial of due process).

## III.

Defendant next maintains that the trial court erred in imposing the entire fourteen-year sentence originally imposed. We conclude the trial court lacked authority to do otherwise.

Before it could sentence defendant to the YOS, the trial court was required first to impose and then to suspend her original sentence to the department of corrections:

> In order to sentence a juvenile to the youthful offender system, *the court shall first impose upon such person a sentence to the department of corrections* in accordance with section 18–1–105, C.R.S. *The court shall thereafter suspend such sentence* conditioned on completion of a sen-

tence to the youthful offender system, including a period of community supervision.

Section 16–11–311(2)(a)(I), C.R.S. (1996 Cum. Supp.) (emphasis added).

■ Our primary task in construing a statute is to determine and give effect to the intent of the General Assembly. We look first to the statutory language, giving words and phrases their plain and ordinary meaning. *State v. Hartsough,* 790 P.2d 836 (Colo. 1990).

■ Defendant maintains that the court imposing sentence after a YOS revocation should be able to resentence in the same manner it could have done if it were revoking a probationary sentence. However, § 16–11–311(2)(a)(II) provides, upon revocation of a YOS sentence, that the court "shall impose the original sentence." The statute thus makes it clear that upon such a revocation, imposition of the original sentence is the only authorized sentencing procedure.

The statute serves a rehabilitative purpose by allowing participants in the YOS to know with certainty the sentence which will be imposed if they fail the YOS program. Also, by giving notice that the original sentence *must* be imposed if the YOS sentence later is revoked, the statute encourages sentencing courts realistically to evaluate a young offender's potential for completing the YOS program before imposing the original sentence.

In summary, we hold that the trial court lacked authority to modify defendant's original fourteen-year sentence and that it properly imposed the sentence.

Sentence affirmed.

DAVIDSON and ROY, JJ., concur.