**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Vincent Anthony SCURA, Defendant–Appellant.**

No. 01CA2146.

Colorado Court of Appeals, Div. V.

April 24, 2003.

Ken Salazar, Attorney General, Cheryl Hone, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Vincent Anthony Scura, appeals the order imposing a previously sus-

pended ten-year sentence to the custody of the Department of Corrections (DOC). We vacate the order and remand for a hearing.

Defendant was charged with four counts of possession with intent to distribute a schedule II controlled substance. He pleaded guilty to a single count of possession of a schedule II controlled substance in exchange for a suspended sentence in the mandatory aggravated range of ten years in the custody of the DOC with three years of mandatory parole. The sentence was suspended on the condition, inter alia, that he complete and graduate within three years from a drug rehabilitation program administered by Cenikor, a private nonprofit organization.

Over a year later, the Cenikor program sent a letter to the court stating that it had terminated defendant from the program because staff there determined that he knew other residents were using drugs and staff suspected defendant was also using drugs. Two days later, a lab report based on a urinalysis taken from defendant indicated the general presence of opiates and ephedrine or pseudoephedrine, but did not indicate the type of substance or the amount.

Defendant was arrested and brought before the court. Defendant's attorney had entered an appearance earlier that same day, but did not appear in court with defendant. In response to the court's question whether he had filed a motion to impose the suspended sentence, the prosecutor stated he had not yet filed a motion, but he argued that, because defendant had violated the condition of his suspended sentence, the original sentence should be imposed. The court agreed and sentenced defendant to ten years imprisonment in the custody of the DOC, citing the Cenikor letter of termination and "the positive drug screen for some various drugs."

After the court imposed this sentence, defendant inquired whether he was entitled to a hearing, explaining that his attorney was unable to attend. Defendant stated he had given his attorney all his paperwork and that the attorney wanted to have a hearing. The court denied the request.

Defendant subsequently moved to vacate his sentence and requested a hearing, arguing that he had been denied due process and that the court had improperly delegated its sentencing authority to an outside agency.

The court denied that motion, and this appeal followed.

I.

Defendant contends the trial court violated his right to procedural due process of law by imposing the previously suspended sentence without providing a hearing. We agree.

The issue in this case turns upon the process that is due when a suspended sentence is revoked. Section 18–1.3–401(11), C.R.S. 2002, providing for suspended sentences, states, in pertinent part:

> When it shall appear to the satisfaction of the court that the ends of justice and the best interest of the public, as well as the defendant, will be best served thereby, the court shall have the power to suspend the imposition or execution of sentence for such period and upon such terms and conditions as it may deem best....

However, the statutory scheme does not set forth any procedures that must be followed when a defendant is charged with violating the conditions of a suspended sentence. We therefore look to general principles of due process to determine this issue.

Due process entitles a defendant facing a parole revocation to an evidentiary hearing and the opportunity to confront and cross-examine witnesses. *See Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)(applying the procedural protections of *Morrissey* to probation revocation proceedings); *People v. Atencio*, 186 Colo. 76, 525 P.2d 461 (1974). These constitutional safeguards are required because a revocation may cause probationers or parolees to be placed in a more restrictive confinement, thereby impinging upon a liberty interest. And a defendant at liberty, even conditionally, may not be deprived of that liberty without due process. *See Harper v. Young*, 64 F.3d 563 (10th Cir.1995), *aff'd*, 520 U.S. 143, 117 S.Ct. 1148, 137 L.Ed.2d 270 (1997).

Here, because persons attending the Cenikor program under a suspended sentence have jobs in the community, perform community service, and have relatively unrestricted access to the attachments of normal life, *see Beecroft v. People*, 874 P.2d 1041 (Colo.1994), we conclude that the same due process protections outlined in *Morrissey* must be afforded to a person facing revocation of such a suspended sentence. *See People v. McCoy*, 939 P.2d 537 (Colo.App.1997)(because revocation of a sentence to the Youth Offender System entails potential loss of freedom, due process protections required); *People v. Berquist*, 916 P.2d 629 (Colo.App.1996)(minimum due process protections are required for revocation of a deferred judgment and sentence).

We reject the People's contention that revocation of a suspended sentence is more closely akin to revocation of a sentence to community corrections for which no due process protections are necessary.

■■■■ Pursuant to § 17–27–105(1)(e), C.R.S.2002, a defendant who has been terminated from community corrections has no right to a resentencing hearing as long as the new sentence imposed does not exceed the original sentence, because the offender may be rejected from community corrections for "any or no reason." *See People v. Abdul*, 935 P.2d 4 (Colo.1997); *People v. Duke*, 36 P.3d 149 (Colo.App.2001). Because the statute very clearly gives the community corrections facility discretion to reject the offender before or after acceptance for "any or no reason," an offender who is rejected by community corrections has no reasonable expectation that he or she would be transferred only for misbehavior. *People v. Abdul, supra* (citing *People v. Wilhite*, 817 P.2d 1017 (Colo.1991)). Therefore, there is no due process right to a resentencing hearing in that context.

■■■■ However, that statutory denial of the right to a hearing—and the limitations on due process that flow from it—is not present here. Further, a defendant with a suspended sentence has an expectation that the incarceration component of the sentence will not be imposed except for violation of the conditions attached to it.

Our determination is supported by *Beecroft v. People, supra*, 874 P.2d at 1047. There, the defendant's suspended sentence was revoked when he failed to complete the Cenikor program. He sought presentence confinement credit for the time he had spent in the program. The supreme court rejected his contention, holding that: "A suspended sentence subject to the condition that the offender receive drug treatment is analogous to probation, or non-residential status at a community correctional facility; a suspended sentence is not analogous to confinement in a jail, DOC facility, or community corrections." After examining the legislative history, the court further concluded that "a suspended sentence accompanied by conditions is an intermediate sanction substantially similar to probation but available in contexts where probation is not." Thus, the court refused to give the defendant presentence confinement credit, as it would have done if the defendant had been sentenced to community corrections. Rather, the court treated the defendant's time in the Cenikor program as it would have treated a defendant's time on probation.

Other state courts have similarly held that the revocation of a suspended sentence is analogous to the revocation of probation. *Johnson v. State*, 753 So.2d 449 (Miss.Ct. App.1999); *State v. Weeks*, 141 N.H. 248, 681 A.2d 86 (1996); *Commonwealth v. Duffy*, 452 Pa.Super. 130, 681 A.2d 219 (1996); *Holden v. Commonwealth*, 27 Va.App. 38, 497 S.E.2d 492 (1998); *State v. Nelson*, 103 Wash.2d 760, 697 P.2d 579 (1985).

The People nevertheless contend that the revocation of a suspended sentence is distinguishable from the revocation of probation because a court, when imposing a suspended sentence, actually imposes the sentence at the original sentencing hearing, but suspends its execution. Relying on *People v. Frye*, 997 P.2d 1223 (Colo.App.1999), and *People v. Seals*, 899 P.2d 359 (Colo.App.1995), they argue that, when a suspension is revoked for failure to abide by one of the conditions, the defendant is not resentenced; rather, the previous sentence is merely executed. We are not persuaded.

Neither *Frye* nor *Seals* addresses whether a defendant is entitled to a hearing when faced with the revocation of a suspended sentence. In *Seals*, the division concluded the defendant's original four-year suspended sentence to DOC governed his resentencing after he was terminated from community corrections. The division reasoned that the original suspended sentence was already imposed, even though it had not yet been executed.

In *Frye*, where the defendant received a suspended sentence conditioned on the successful completion of probation, another division of this court rejected the argument that the trial court could not impose both probation and imprisonment. The division held the suspended execution of that sentence did not result in the sentence being withdrawn; it was simply suspended, subject to an express condition.

More importantly, in both *Frye* and *Seals* the defendants received hearings before the imposition of the suspended sentences. Thus, *Frye* and *Seals* do not stand for the proposition that the execution of a suspended sentence requires no procedural protections. Rather, just as in the probation setting, the originally suspended sentence may be executed only after procedural protections have been provided and the court finds that a condition of the suspended sentence has been violated.

While defendants in parole and probation revocation proceedings are not entitled to the full range of constitutional guarantees afforded to defendants in criminal proceedings, they are entitled to certain minimum requirements of due process. *People v. Allen*, 973 P.2d 620 (Colo.1999); *People v. Atencio, supra*. These requirements include: (1) written notice of the claimed violations; (2) disclosure to the defendant of evidence against him or her; (3) a fair opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses, unless there is good cause to deny such a right; (5) a neutral and detached hearing officer or judge; and (6) a written statement by the fact finder as to the evidence relied on and reasons

for the revocation. *People v. Atencio, supra* (citing *Morrissey v. Brewer, supra,* and *Gagnon v. Scarpelli, supra* ); *People v. McCoy, supra*; *see also People v. Elder*, 36 P.3d 172 (Colo.App.2001)(oral findings on the record satisfy the "written statement" requirement); *People in Interest of T.M.H.,* 821 P.2d 895 (Colo.App.1991). The same protections are applicable in this case.

Here, defendant did not receive an adequate prerevocation hearing. A hearing includes the opportunity to support one's contentions by evidence and argument. *Westar Holdings Partnership v. Reece*, 991 P.2d 328 (Colo.App.1999). Defendant was allowed to speak before the imposition of the suspended sentence only to respond to the court's question about where he had been following his termination from Cenikor. The court did not allow defendant to explain the circumstances of his termination, and he was not given an opportunity to present witnesses or documentary evidence.

Therefore, we must vacate the court's imposition of the suspended sentence and remand for a new hearing. Upon remand, defendant must be accorded the due process protections outlined above.

In view of this disposition, we need not address defendant's remaining contentions.

The order is vacated, and the case is remanded for a prerevocation hearing in accordance with the views expressed in this opinion.

Judge TAUBMAN and Judge NIETO concur.