The **PEOPLE** of the State of Colorado, Plaintiff–Appellant,

v.

**Brian J. HUMMEL, Defendant–Appellee.**

**No. 04CA1618.**

Colorado Court of Appeals, Div. III.

Feb. 9, 2006.

Carol Chambers, District Attorney, Paul R. Wolff, Chief Deputy District Attorney, Centennial, Colorado, for Plaintiff–Appellant.

Knight & Moses, LLC, Lisa Fine Moses, Littleton, Colorado, for Defendant–Appellee.

LOEB, J.

The People appeal an order of the district court granting the motion of defendant, Brian J. Hummel, to withdraw his guilty pleas on the ground that his sentences were illegal. We affirm.

Defendant had several previous felony convictions. He escaped from a community corrections program and committed other felonies while on escape. He was arrested and charged with one count of robbery in one case and one count of theft in another case.

In March 2000, pursuant to a plea agreement covering both cases, defendant pleaded guilty to robbery and theft, both class 4 felonies. At the providency and sentencing hearing, the court accepted the plea agreement and, on the robbery charge, imposed a sentence of unspecified restitution and eight years incarceration in the Department of Corrections (DOC), suspended upon successful completion of a drug treatment program at Cenikor, and ten years of intensive supervised probation after the completion of the Cenikor program. The court sentenced defendant to identical terms for the felony theft charge, with the sentences to the DOC to run consecutively.

Defendant failed to complete the Cenikor treatment program and was arrested. He filed a motion to withdraw his guilty pleas in both cases on the ground that the court did not have authority to suspend his sentences to the DOC and, therefore, his sentences were illegal.

After a hearing on defendant's motion, the district court agreed and allowed defendant to withdraw his guilty pleas. The People appeal that ruling.

The issue before us is whether, under the statutory scheme in effect at the time defendant was sentenced in 2000, the sentencing court had the authority to suspend defendant's sentences to the DOC. To make this determination, we must examine Colo. Sess. Laws 1993, ch. 292, § 18–1–105(10) at 1730 (now recodified with amendments as § 18–1.3–401(11), C.R.S.2005), and Colo. Sess. Laws 1981, ch. 211, § 18–1–105(9)(a) at 970 (now recodified as § 18–1.3–401(8)(a), C.R.S. 2005), and the interplay between those two statutes.

Section 18–1–105(10) provided in pertinent part:

When it shall appear to the satisfaction of the court that the ends of justice and the

best interest of the public, as well as the defendant, will be best served thereby, the court shall have the power to suspend the imposition or execution of sentence for such period and upon such terms and conditions as it may deem best; except that in no instance shall the court have the power to suspend a sentence to a term of incarceration when the defendant is sentenced pursuant to a mandatory sentencing provision.

Section 18–1–105(9)(a) provided in pertinent part:

The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term of at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony . . . .

One aggravating factor that triggers mandatory enhanced sentencing is that "[t]he defendant was under confinement, in prison, or in any correctional institution as a convicted felon, or an escapee from any correctional institution for another felony at the time of the commission of a felony." Colo. Sess. Laws 1989, ch. 148, § 18–1–105(9)(a)(V) at 830 (now recodified as § 18–1.3–401(8)(a)(IV), C.R.S.2005).

On appeal, the People contend that, because the sentencing court did not actually sentence defendant to a term of incarceration, the court had authority to suspend defendant's sentences. The People's argument is best summarized by the following paragraph in their opening brief:

C.R.S. 18–1–105(10) only prohibits suspension of the defendant's sentence if the defendant was sentenced according to a mandatory sentencing provision. C.R.S. 18–1–105(9)(a)(V) only requires the defendant to have been sentenced according to its mandatory sentencing provision if the defendant is actually incarcerated. Here, because the Defendant was not actually incarcerated, the Defendant was not sentenced [according] to a mandatory sentencing provision. Because the Defendant was not sentenced according to a manda-

tory sentencing provision, the District Court could suspend the Defendant's sentence. Because the District Court could suspend the Defendant's sentence, the sentence was not illegal. Because the sentence was not illegal, the plea agreement that recommended that sentence was not illegal. Because the plea agreement was not illegal, the Defendant should not be permitted to withdraw his plea.

We reject the People's basic premise that defendant was not sentenced to incarceration under a mandatory sentencing provision, and, accordingly, we reject the People's ultimate conclusion that defendant should not be permitted to withdraw his guilty pleas.

■ A defendant may challenge the imposition of an illegal sentence under Crim. P. 35(a). Sentences that are inconsistent with the statutory scheme outlined by the legislature are illegal. *People v. Rockwell,* 125 P.3d 410 (Colo.2005); *People v. Dist. Court,* 673 P.2d 991, 995 (Colo.1983). A "trial court has the right and the duty to set aside an illegal sentence." *People v. Rockwell, supra,* 125 P.3d at 414.

■ If a defendant "enters into a plea agreement that includes as a material element a recommendation for an illegal sentence and the illegal sentence is in fact imposed on the defendant, the guilty plea is invalid and must be vacated because the basis on which the defendant entered the plea included the impermissible inducement of an illegal sentence." *People v. Green,* 36 P.3d 125, 127 (Colo.App.2001)(quoting *Chae v. People,* 780 P.2d 481, 486 (Colo.1989)).

Between 1972 and 1988, Colorado courts had no power to suspend sentences. However, the General Assembly restored this power to the trial courts in 1988. *People v. Nastiuk,* 914 P.2d 421, 423 (Colo.App.1995); *see* Colo. Sess. Laws 1988, ch. 116, § 18–1–105(10) at 681–82. Effective July 1, 1993, the General Assembly amended § 18–1–105(10), "adding language that the court's authority to suspend a sentence does not apply when a defendant is sentenced pursuant to a mandatory sentencing provision." *People v. Nastiuk, supra,* 914 P.2d at 424 (holding that, even under the statutory scheme in existence

prior to the 1993 amendment to § 18–1–105(10), the sentencing court had no authority to impose a suspended sentence because the requirement in § 18–1–105(9)(a) that a defendant who is sentenced to incarceration receive an enhanced sentence is an exception to the general rule in § 18–1–105(10) allowing the sentencing court to suspend sentences); *People v. Munoz,* 857 P.2d 546 (Colo.App.1993)( § 18–1–105(10) does not give a court authority to suspend a statutorily mandated enhanced sentence).

"To discern legislative intent, we must consider the language of the statute itself, giving the words their commonly accepted and understood meanings. If the intent of a statute appears with reasonable certainty, there is no need to resort to other rules of statutory construction." *People v. Seals,* 899 P.2d 359, 361 (Colo.App.1995).

Pursuant to the plain language of § 18–1–105(10), we conclude that, if defendant was sentenced pursuant to a mandatory sentencing provision, the district court had no power to suspend the sentences, and therefore, the sentences were illegal.

We thus turn our attention to whether defendant was in fact sentenced pursuant to a mandatory sentencing provision. We conclude that he was so sentenced.

The presumptive sentencing range for defendant's class 4 felony offenses was two to six years. *See* Colo. Sess. Laws 1993, ch. 322, § 18–1–105(1)(a)(V)(A) at 1981 (now recodified as § 18–1.3–401(1)(a)(V)(A), C.R.S. 2005). It is undisputed that, at the time defendant committed the felonies in this case, he was an escapee from a correctional institution and thus was subject to mandatory enhanced sentencing, pursuant to § 18–1–105(9)(a)(V). That statute provided for a term of incarceration "of at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range." Section 18–1–105(9)(a). For defendant's offenses, this sentencing range would be from four to twelve years. The sentencing court here imposed mandatory enhanced sentences of eight years pursuant to this statute and the parties' plea agreement.

The People contend, nevertheless, that § 18–1–105(9)(a) only required mandatory aggravated sentencing *if* the court sentenced a defendant to incarceration, and that here defendant was not sentenced to incarceration because he was not actually incarcerated in the DOC and because time spent in Cenikor is not incarceration. We reject that contention.

■ Under the plain language of § 18–1–105(10), in the absence of sentencing pursuant to a mandatory sentencing provision, the court may suspend either the imposition of a sentence or the execution of a validly imposed sentence. *See People v. Frye,* 997 P.2d 1223 (Colo.App.1999)(nonaggravated sentence became final when it was imposed, and only execution of the sentence was suspended); *People v. Seals, supra.* Where, however, sentencing is pursuant to a mandatory sentencing provision, we conclude the court does not have the power to suspend either the imposition or execution of a valid sentence.

■ Here, contrary to the People's contention, the record shows that the sentencing court actually imposed eight-year sentences to DOC incarceration, pursuant to § 18–1–105(9)(a), and then purported not to execute those sentences by immediately suspending them, conditioned on the successful completion of the Cenikor program. We conclude that this suspension was inconsistent with the plain language of § 18–1–105(10) that "in no instance shall the court have the power to suspend a sentence to a term of incarceration when the defendant is sentenced pursuant to a mandatory sentencing provision." Under the circumstances here, any other result would render this statutory language meaningless. *See People v. Bostelman,* —— P.3d ——, 2005 WL 3312826 (Colo.App. No. 04CA1223, Dec. 8, 2005)(court should avoid statutory constructions that render any part of a statute meaningless). Further, the fact that time spent in Cenikor is not considered incarceration, *see Beecroft v. People,* 874 P.2d 1041, 1049 (Colo.1994), is not pertinent to the outcome here. Rather, the relevant and determining factor is the court's initial imposition of eight-year sentences to DOC incarceration, pursuant to § 18–1–105(9)(a).

Because defendant was properly sentenced to incarceration under a mandatory sentencing provision, suspension of his DOC sentences was illegal, and, accordingly, we conclude the district court did not err in granting defendant's motion to withdraw his guilty pleas.

Contrary to the People's argument, *People v. Scura*, 72 P.3d 431 (Colo.App.2003), does not compel a contrary result. In *Scura*, the defendant pleaded guilty in exchange for a suspended sentence to the DOC in the mandatory aggravated range on the condition that he complete and graduate from the Cenikor treatment program. When the defendant failed to complete this condition, the district court imposed the original sentence to incarceration without providing the defendant a hearing. A division of this court held that the defendant's rights to procedural due process had been violated when the court revoked his suspended sentence in the absence of a hearing. *People v. Scura, supra*, 72 P.3d at 435. However, the issue we consider here, namely, whether the sentencing court had the authority to suspend the sentences to incarceration pursuant to a mandatory sentencing provision, was not raised in *Scura*, nor did the division address that issue in its opinion.

The order is affirmed.

Judge TAUBMAN and Judge ROY concur.