The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Daniel F. WOLFE, Defendant–Appellant.

No. 08CA1564.

Colorado Court of Appeals,
Div. IV.

May 28, 2009.

John W. Suthers, Attorney General, Ryan A. Crane, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Daniel F. Wolfe, Pro Se.

Opinion by Judge LICHTENSTEIN.

Defendant, Daniel F. Wolfe, appeals the district court's order denying his postconviction motion that challenged the court's au-

___

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.

thority to impose suspended sentences. We affirm.

In 2005, defendant pleaded guilty to three felony drug charges in three separate cases for offenses committed in 2004 and 2005. The court sentenced him to twelve years imprisonment in the first case. Because he was on bond at the time he committed the offenses leading to the other two cases, the court sentenced him to aggravated terms of fifteen years imprisonment in those cases. The court ordered the three terms of imprisonment to run concurrently, and suspended the sentences, conditioned on defendant's successful completion on probation of a drug treatment program. He failed that program, however, and the court resentenced him to the Department of Corrections (DOC).

In his postconviction motion, defendant alleged that the suspension of his original sentences was illegal. The court denied the motion, and this appeal followed.

■ Defendant contends that because his second and third sentences were mandatorily aggravated, the district court lacked the statutory authority to suspend those sentences. We disagree.

To support his contention, defendant relies on *People v. Hummel*, 131 P.3d 1204 (Colo. App.2006), where a division of this court evaluated a defendant's claim under the prior version of the statute granting a court authority to suspend a sentence.

■ As an initial matter, we note that in *Hummel*, the division analyzed the sentencing scheme in effect at the time of that defendant's sentencing. We now clarify that the statutory authority to impose a sentence is determined by the sentencing scheme in effect on the date of the offense. *People v. Munoz*, 857 P.2d 546, 548 (Colo.App.1993). To the extent *Hummel* suggests otherwise, we decline to follow it. *See In re Estate of Becker*, 32 P.3d 557, 563 (Colo.App.2000) (one division of the court of appeals is not bound by the decision of another division), *aff'd sub nom. In re Estate of DeWitt*, 54 P.3d 849 (Colo.2002).

We therefore evaluate defendant's claim under the sentencing scheme in effect at the time of his 2004 and 2005 offenses. *See* ch. 199, sec. 34, 2003 Colo. Sess. Laws 1436 (relevant amendment to § 18–1.3–401(11) "shall take effect upon passage," which occurred on Apr. 29, 2003). We review questions of statutory interpretation de novo. *Leyva v. People*, 184 P.3d 48, 50 (Colo.2008).

Defendant's contention is based on the earlier version of the statute granting a court authority to suspend a sentence, as well as cases applying that version. *See Hummel*, 131 P.3d at 1205 (applying former § 18–1–105(10)). That prior version permitted a trial court to suspend a prison sentence except "when the defendant is sentenced pursuant to a mandatory sentencing provision." Ch. 292, sec. 12, § 18–1–105(10), 1993 Colo. Sess. Laws 1730 (recodified at § 18–1.3–401(11) in 2002, ch. 318, sec. 2, 2002 Colo. Sess. Laws 1392, and in effect until amended on Apr. 29, 2003).

However, the amended version of that statute, in effect at the time of defendant's offenses, permits a trial court to suspend a prison sentence except "when· the defendant is sentenced pursuant to a sentencing provision that requires incarceration or imprisonment in the department of corrections, community corrections, or jail." § 18–1.3–401(11), C.R.S.2008 (in effect since Apr. 29, 2003); *see also Fierro v. People*, 206 P.3d 460, 463 (Colo.2009).

Here, the court aggravated defendant's sentences under a statutory provision that did not require the court to impose a sentence to incarceration. This statutory provision mandated the court to aggravate defendant's sentence only "if it sentence[d] ... defendant to incarceration." *See* § 18–1.3–401(8)(a)(III). Because the plain language of that section did not require a sentence to incarceration or imprisonment in the DOC, the limitation on the court's authority to suspend defendant's sentence in this case pursuant to section 18–1.3–401(11) was not applicable. *See People v. Smith*, 971 P.2d 1056, 1058 (Colo.1999) (if the plain language of a statute is clear, appellate court will not will not resort to interpretive rules of statutory construction). We therefore conclude that the district court's imposition of defendant's

suspended sentences was authorized by statute and therefore was not illegal.

 Defendant's second contention on appeal, in which he alleges ineffective assistance of counsel, was not raised in his post-conviction motion. Accordingly, we will not address it. *See DePineda v. Price,* 915 P.2d 1278, 1280 (Colo.1996) ("Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion."); *People v. Goldman,* 923 P.2d 374, 375 (Colo.App. 1996) ("Allegations not raised in a Crim. P. 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review.").

The order is affirmed.

Judge WEBB and Judge CARPARELLI concur.