24CA0239 Peo v Fuentes 08-14-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0239
Boulder County District Court No. 21CR4
Honorable Nancy W. Salomone, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ely Antonio Fuentes,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE JOHNSON
Welling and Grove, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 14, 2025

Philip J. Weiser, Attorney General, Jaycey DeHoyos, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Ely Antonio Fuentes, Pro Se

¶ 1       Defendant, Ely Antonio Fuentes (Fuentes), appeals the postconviction court's order denying his pro se Crim. P. 35(c) motion without a hearing. On appeal, Fuentes contends that his trial counsel was constitutionally deficient by failing to (1) challenge Fuentes' statements made after his *Miranda* rights were given to him in English, as his native language is Spanish; (2) challenge the admissibility of statements Fuentes made when speaking with the police because the interview was conducted in English; and (3) appropriately investigate his case. Because of this deficient performance, Fuentes argues, he did not understand the judicial proceedings, and, therefore, entered an involuntary guilty plea. We affirm.

## I.       Background

¶ 2       In late December 2020, Fuentes' significant other reported to police that she had witnessed Fuentes digitally penetrating his five-year-old niece's "private parts" in the bathroom of the master bedroom during a family gathering. She also reported witnessing him filming his actions on his phone. Since the significant other did not speak English, her daughter reported the incident to the

1

police, and the daughter acted as the significant other's interpreter when law enforcement arrived.

¶ 3 Fuentes is a native-Spanish speaker with limited English-speaking skills; at the time of the investigation, however, he told officers that he was able to understand English and responded appropriately to the police officer's questions and comments. The officers told Fuentes that it was not mandatory for them to look through his phone, but he responded that it was "good for him" and it could be checked. The police discovered an image of a prepubescent vagina with what appeared to be an adult hand. After the interview, Fuentes was arrested, and his phone was seized.

¶ 4 Fuentes was charged with one count of sexual assault on a child, two counts of sexual exploitation of a child, and a sentence enhancing aggravated sex offense count. In November 2022, Fuentes entered into a plea agreement in which the prosecution agreed to dismiss the four counts against him in exchange for his guilty pleas to one count of first degree assault and one count of sexual exploitation of a child. The agreement also required Fuentes to forfeit all seized electronics, register as a sex offender, and have no contact with his significant other, the niece, and two other

involved family members. Fuentes was sentenced to fourteen years in the custody of the Department of Corrections.

¶ 5    In September 2023, Fuentes filed his Crim P. 35(c) motion. The court denied it without holding a hearing or appointing counsel. Fuentes filed this appeal.

II.    Standard of Review and Applicable Law

¶ 6    Postconviction rulings on ineffective assistance of counsel claims are a mixed question of fact and law. *See Strickland v. Washington*, 466 U.S. 668, 698 (1984); *see also Dunlap v. People*, 173 P.3d 1054, 1063 (Colo. 2007). A postconviction court's denial of a Rule 35(c) motion without a hearing is reviewed de novo. *See People v. McGlaughlin*, 2018 COA 114, ¶ 25; *People v. Smith*, 2017 COA 12, ¶ 12.

¶ 7    A court may deny a Crim P. 35(c) motion without an evidentiary hearing if the motion, files, and case record establish the defendant is not entitled to relief. *See Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003). Thus, a summary denial of a postconviction motion is appropriate if (1) the allegations are bare and conclusory; (2) the allegations, even if true, do not warrant postconviction relief; or (3) the record directly refutes the

defendant's claims.  *See White v. Denver Dist. Ct.*, 766 P.2d 632, 634 (Colo. 1988); *People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005); *People v. DiGuglielmo*, 33 P.3d 1248, 1251 (Colo. App. 2001). Evidentiary support is not necessary in the Rule 35(c) motion, but bare assertions are insufficient.  *See People v. Bossert*, 772 P.2d 618, 620 (Colo. 1989).

¶ 8　　The Sixth Amendment right to counsel includes the right to effective counsel.  *See Strickland*, 466 U.S. at 686.  To prevail on an ineffective assistance claim, the defendant must be able to show both that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense.  *See People v. Chalchi-Sevilla*, 2019 COA 75, ¶ 6 (citing *Strickland*, 466 U.S. at 687).  To establish prejudice in the context of plea offers and discussions, the defendant must show an objectively reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and insisted on going to trial.  *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *People v. Garcia*, 815 P.2d 937, 943 (Colo. 1991).

¶ 9　　Because the burden is on the defendant to satisfy both *Strickland* prongs, a court may deny such a claim by concluding

one of the prongs has not been met without analyzing the other. *Garcia*, 815 P.2d at 941-42.

## III.   Preservation

¶ 10     As an initial matter, the Attorney General contends that none of Fuentes' contentions were raised below and, thus, we should dismiss his appeal.  We agree that Fuentes's postconviction motion did not raise the following issues: (1) the police illegally searched his phone without a warrant because he did not understand the waiver of his *Miranda* rights; (2) his plea was involuntary because it was motivated by the illegally obtained evidence from his phone; and (3) trial counsel failed to show him documents supporting that the evidence from his phone was illegally obtained.  We decline to address these issues further.  *DePineda v. Price*, 915 P.2d 1278, 1280 (Colo. 1996) ("Issues not raised before the district court in a motion for postconviction relief will not be considered on appeal of the denial of that motion."); *see also People v. Wolfe*, 213 P.3d 1035, 1037 (Colo. App. 2009) (same).

¶ 11     But Fuentes raised, and the court addressed and denied, his other contentions, so we review them.

## IV.  Analysis

### A.  Failure to Investigate

¶ 12    We agree with the postconviction court's conclusion that Fuentes asserted nothing more than conclusory allegations about his trial counsel's failure to conduct an adequate investigation. Other than indicating that counsel should have interviewed him and examined police reports, Fuentes did not allege what other investigation his counsel should have undertaken, nor did he indicate any evidence that further investigation might have discovered or developed.  Put another way, his bare assertions do not indicate what evidence would have been discovered had trial counsel conducted an adequate investigation or how such evidence would have influenced Fuentes' decision to plead guilty.  Therefore, we agree that this claim fails to meet either *Strickland* prong, and was therefore properly denied without a hearing.

### B.  Motion to Suppress

¶ 13    The postconviction court did not err by denying Fuentes' claim concerning trial counsel's failure to file a motion challenging the legality of Fuentes' statements made to police because he did not understand his rights.  Broadly construing Fuentes' argument that

he did not understand what police officers were saying to him before his arrest, we affirm the postconviction court's assessment that, even if counsel had filed such a motion, suppressing his statements would not have changed the outcome of Fuentes' plea process. *See Hill*, 474 U.S. at 59.

¶ 14 Even assuming such a motion had legal merit, the postconviction court further reasoned, the statements Fuentes made to law enforcement were not inculpatory and his conduct leading to the more significant charges was not known to police at the time of his arrest, so his statements were immaterial to those charges. We agree with the postconviction court that Fuentes has failed to make allegations sufficient to warrant relief under the second prong of *Strickland*.

## V. Conclusion

¶ 15 The postconviction court's order is affirmed.

JUDGE WELLING and JUDGE GROVE concur.