23CA1552 Peo v Olivas 03-19-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1552
El Paso County District Court No. 20CR1931
Honorable Lin Billings Vela, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Antonio Lee Olivas,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE TOW
Welling and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 19, 2026

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General and Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, John P. Finnegan, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1 Defendant, Antonio Lee Olivas, appeals the district court's order revoking his sentence to the Youthful Offender System (YOS) and imposing his previously suspended sentence to the custody of the Department of Corrections (DOC). We affirm.

## I. Background

¶ 2 When he was sixteen years old, Olivas shot and killed someone during a robbery. The prosecution charged him as an adult with first degree murder. Olivas pleaded guilty to second degree murder with a stipulated sentence of thirty years in the custody of the DOC, which sentence would be suspended pursuant to the YOS statute, § 18-1.3-407, C.R.S. 2025, on the condition that Olivas successfully complete a seven-year term in the YOS.

¶ 3 Olivas was screened for a mental health disorder or intellectual and developmental disability that would prevent him from successfully completing his sentence in the YOS, and he was found capable of completing the YOS program.

¶ 4 Throughout his time in the YOS, Olivas failed to follow the rules. He violated the Code of Penal Discipline three times, including by assaulting another offender in November 2022. In response to this misconduct, in December 2022, a YOS suitability

1

team held a suitability hearing and recommended revoking Olivas's YOS placement. (We discuss further below what a suitability hearing entails.) After reviewing the documents related to the suitability hearing, the YOS warden agreed with the recommendation. Olivas unsuccessfully pursued an internal appeal of that decision. The executive director of the DOC then recommended that Olivas be returned to the district court for a revocation proceeding. On that recommendation, the People filed a motion to revoke Olivas's placement in the YOS and impose his suspended DOC sentence.

¶ 5 Before the revocation proceeding, defense counsel moved to dismiss the revocation motion, contending that Olivas was not afforded due process during the suitability hearing. Defense counsel also requested a resentencing hearing, contending that the imposition of Olivas's DOC sentence without one would violate his due process rights.

¶ 6 During the revocation proceeding, the district court noted that Olivas's due process challenge to the suitability hearing should have been brought under C.R.C.P. 106 and 106.5; nevertheless, the court later noted that Olivas was afforded due process during the

suitability hearing. The court also did not conduct a resentencing hearing, thereby implicitly rejecting Olivas's argument that failing to do so would violate due process. The district court found that Olivas failed to comply with the terms and conditions of his YOS sentence and imposed the suspended thirty-year DOC sentence.

## II.    Suitability Hearing Due Process

¶ 7      Olivas contends that (1) he was not afforded due process at the suitability hearing, and (2) the district court erred by revoking his YOS sentence based on the suitability hearing. We discern no error.

¶ 8      We review constitutional challenges to sentencing decisions de novo. *Lopez v. People*, 113 P.3d 713, 720 (Colo. 2005).

¶ 9      The YOS statute provides that the DOC may return a youthful offender to the district court for revocation and resentencing to the DOC if the offender cannot successfully complete their YOS sentence because they (1) pose a danger to themself or others; (2) are incapable of doing so due to a behavioral or mental health

disorder;[1] (3) are incapable for any other reason; or (4) fail to comply with the YOS terms and conditions.  § 18-1.3-407(5)(a)-(c); *see People v. Omar*, 2023 COA 13M, ¶¶ 18-20.  The YOS statute directs the DOC to implement a procedure for doing so. § 18-1.3-407(5)(c).

¶ 10    Under the procedure the DOC has devised in fulfilling that statutory obligation, revocations are initiated through a "suitability hearing" conducted by a multidisciplinary board.  DOC Admin. Reg. 1600-01(IV)(H)(1) (effective Apr. 1, 2021).[2]  The regulation provides that offenders are "afforded all due process rights to include an appeal process."  *Id.*  Per the YOS statute, the executive director of the DOC reviews any revocation decision.  § 18-1.3-407(5)(a).  If the executive director upholds the revocation decision, the matter is

---

[1] If an offender is incapable of successfully completing their sentence in the YOS due to a behavioral or mental health disorder or an intellectual and developmental disability, the district court may either impose the offender's original DOC sentence or reconsider and reduce the offender's DOC sentence. § 18-1.3-407(5)(b)(I), C.R.S. 2025.  However, if an offender is found to be unable to complete their YOS sentence for other reasons, they "*shall* receive imposition of the original sentence to the [DOC]." § 18-1.3-407(5)(c) (emphasis added).

[2] The applicable regulation has since been amended.  We cite the version of the regulation in effect at the time of Olivas's suitability hearing.

forwarded to the district attorney of record. *See* § 18-1.3-407(5)(c).
The People may then initiate a revocation proceeding in the district
court to revoke the offender's YOS sentence and impose the
suspended DOC sentence. *Id.*

¶ 11 Although the YOS statute does not specify what due process
protections a defendant must receive during the revocation
proceeding in district court, a division of this court has held that
"minimum due process protections are required at a YOS revocation
proceeding." *People v. McCoy*, 939 P.2d 537, 540 (Colo. App. 1997).
Specifically, due process in a revocation proceeding requires

> (1) written notice of the claimed violations;
> (2) disclosure to [the] defendant of the evidence
> against [them]; (3) a fair opportunity to be
> heard in person and to present witnesses and
> documentary evidence; (4) the right to confront
> and cross-examine adversarial witnesses,
> unless there is good cause to deny such a
> right; (5) a neutral and detached hearing
> officer or judge; and (6) a written statement by
> the factfinder as to the evidence relied on and
> reasons for the revocation.

*Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).

¶ 12 Olivas does not argue that he was denied these protections
during the revocation proceeding in the district court. Nor can he.
Olivas was given written notice and an opportunity to be heard, he

5

presented evidence and confronted the People's witnesses, and the district court made its own findings[3] supporting revocation of Olivas's YOS sentence.

¶ 13    Instead, Olivas contends that he was also entitled to these minimum due process protections at his suitability hearing. We disagree.

¶ 14    *McCoy* provides that these due process protections apply "at a YOS revocation proceeding" in the district court. 939 P.2d at 540. Notably, the division in *McCoy* did not extend these due process protections to suitability hearings. Nor would doing so make sense. The need for these protections in the context of revocation of a YOS placement arises from the fact that such a revocation decision will likely result in the inmate being placed in a more restrictive confinement. *Id.*; *cf. Morrissey*, 408 U.S. at 480 (acknowledging that revocation of parole deprives an individual of conditional liberty).

---

[3] Though the district court did not reduce its findings to writing, the findings are memorialized in the transcript of the proceedings. Olivas does not contend that this fact amounts to a lack of written findings that deprived him of due process.

¶ 15    But the outcome of the suitability hearing does not result in the loss of the YOS inmate's liberty.  It is merely a recommendation that must be reviewed by the executive director of the DOC. § 18-1.3-407(5)(c).  And even the executive director's decision does not result in imposition of the suspended prison sentence.  That can only happen after the revocation hearing in the district court — where, as noted, the inmate is entitled to receive the required due process protections.  Thus, it cannot be said that Olivas was denied any due process protections during the revocation process.

III.    Constitutional Challenge to YOS Statute

¶ 16    Olivas contends that the YOS statute is unconstitutional because it violates the separation of powers clause of article III of the Colorado Constitution.  The People contend that Olivas did not preserve this argument.  We agree with the People and thus decline to address this challenge.

¶ 17    Before the district court conducted the revocation proceeding, Olivas filed a motion "to grant re-sentencing due to violations of [his] constitutional rights under the due process clause of the [Fifth] Amendment," in which he requested a resentencing hearing to determine his DOC sentence.  His argument was that "imposition of

[his] full suspended sentence without a resentencing hearing would violate due process."

¶ 18    As part of this argument, Olivas contended that "[i]f the court interprets that it does not have discretion to impose a sentence other than the currently-suspended sentence for [him], the [DOC] is the only body with power to alter [his] sentence." He further argued that "[i]f [his] suspended sentence is ruled to be mandatory, this would create a wholly unique situation in the criminal justice system, not present for any other type of sentencing situation," because imposition of "the full length of his DOC sentence would be determined by DOC, not the judiciary." He stated that "[s]uch a ruling would deprive him of due process in reconsidering the sentence" and contended that the district court had authority to grant him a resentencing hearing.

¶ 19    Olivas also made general statements about the law in support of this argument. He noted that the judicial branch has the exclusive power to impose sentences within the limits imposed by the General Assembly, and that the executive branch is responsible for carrying out the mandate of the sentence. He also said that the offender is entitled to a resentencing hearing in other revocation

statutes.  Finally, he stated, "In the current design, the [DOC] and YOS, and thus the Executive Branch, [are] usurping the power of the Court.  This violates the state and federal constitutional separation of powers doctrine."

¶ 20    At the hearing on this motion, counsel made no mention of the separation of powers doctrine.  More importantly, when beginning its ruling, the district court observed that defense counsel had specifically noted that he was not challenging the constitutionality of the YOS statute, so the court would not consider any such argument.  Defense counsel did not disagree with or attempt to correct the court.

¶ 21    We conclude that Olivas waived any argument that the statute violates the separation of powers doctrine.  He clearly knew of the argument, having referenced it in his written motion.  Yet he elected to not assert it during the hearing.  And he did not correct the court when it characterized his argument as eschewing any assertion that the statute was unconstitutional.  By doing so, Olivas intentionally relinquished a known right.  *See People v. Rediger*, 2018 CO 32, ¶ 39.

¶ 22    At the very least, Olivas only mentioned the separation of powers doctrine in passing in his written motion.  He then made no effort to expound on or develop that challenge during the hearing.  And he did not press for a ruling on the point.  Thus, even if not waived, his challenge is unpreserved, and we do not review unpreserved facial constitutional challenges to statutes.  *See Martinez v. People*, 244 P.3d 135, 140 (Colo. 2010) ("To preserve a Colorado Constitutional argument for appeal, . . . a defendant must make an objection sufficiently specific to call the attention of the trial court to the potential Colorado Constitutional error."); *McDonald v. People*, 2024 CO 75, ¶ 10 n.2 (declining to address an unpreserved constitutional argument).[4]

## IV.    Disposition

¶ 23    The order is affirmed.

JUDGE WELLING and JUDGE LIPINSKY concur.

---

[4] Even if we were to review the unpreserved argument, we would only reverse if the error were plain (i.e., obvious), meaning that it contravened a clear statutory command, a well-settled legal principle, or established Colorado case law.  *People v. Crabtree*, 2024 CO 40M, ¶¶ 41-42.  And because Olivas points us to no authority — and we are aware of none — that clearly establishes that the YOS statute violates the separation of powers doctrine, we would be unable to find plain error here.